## PHILIP M. GUNDLACH *et al.*

*v.*

## GEORGE FISCHER *et al.*

AGENCY—*duration of—construction of a particular contract.*   A entered into a written agreement with B, by which the former was constituted the agent of the latter for the sale of certain machines.   The only provision in regard to the duration of the agency was as follows:   Said B, in consideration of the faithful performance, by the said A, of the obligations by him hereinafter assumed, agrees to furnish the said A such number of machines as the said A may be able to sell, as his agent, prior to October 1st, 1867:   *Held,* by a reasonable construction of the agreement, the agency continued only until the 1st of October, 1867, and the sureties on a bond, executed by A, to secure the faithful performance of his duties as such agent, conditioned that he would justly and fairly account for and pay over all moneys, notes, etc., received by him for such machines as might come to his hands as such agent, were bound only for a failure on the part of A to account for machines received by him prior to that date.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of debt brought by Philip M. Gundlach and Jacob Esler, against George Fischer, Alexander H. Johnson, Thomas S. Pope, George Trible, Philip Meter, Martin Fischer, and Nicholas Muhlhauser.   It appeared the defendant George Fischer had entered into an agreement in writing, by the terms of which he was to act as agent for the plaintiffs in the sale of certain machines, and the other defendants were his sureties in a bond, given to secure the faithful performance of his duties as such agent.   This suit was brought to recover for an alleged failure, on the part of Fischer, to account for and pay over to the plaintiffs certain moneys received by him from the sale of machines, as required by the terms of the agreement.   The defendants, Johnson, Pope, Meter, and Muhlhauser, were duly served with summons, and to the declaration Johnson and Pope filed a plea of *nil debet*, to which the plaintiffs added a *similiter*.   Meter and Muhlhauser were

defaulted.    Upon a trial by jury a verdict was rendered in favor of the defendants, Johnson and Pope, for costs.    Motion for new trial overruled, and jury empaneled to assess damages against Meter and Muhlhauser, defendants in default.    Verdict for defendants, and final judgment entered against the plaintiffs for costs of suit, from which they prosecute this appeal.

. The following is the article of agreement and bond sued on :

ARTICLE OF AGREEMENT, made and entered into, by and between Gundlach & Esler, of Belleville, St. Clair county, and State of Illinois, and George Fischer, of Trenton, county of Clinton, State of Illinois, in manner and form following, to wit :

The said George Fischer agrees to act as agent for said Gundlach & Esler, for the sale of the Buckeye reaper and mower, and horse hay rakes, and Gundlach's patent grain drill, manufactured by Gundlach & Esler, Belleville, Illinois.

The said agency shall extend over and in the vicinity of Trenton, county of Clinton, State of Illinois, in conformity with the terms and stipulations hereinafter expressed; and the said Gundlach & Esler in consideration of the faithful performance by the said G. Fischer of the obligations by him hereinafter assumed, agree to furnish the said G. Fischer such number of machines as the said G. Fischer may be able to sell as their agent, prior to October 1st, 1867 ; the said Gundlach & Esler reserving to themselves the right, in case they shall not be able to fill his orders, to restrict him to such number of machines as they may be able to supply.

The said G. Fischer further agrees, in acting as such agent :.

*First.*    To sell no other machines or rakes but such as are furnished by Gundlach & Esler; and in making sales, to be governed by the instructions hereto annexed, and such as may be given by Gundlach & Esler from time to time, either in writing or print, and made part of this contract; and in no case to sell a machine, or any part thereof, to any person or persons not known by him to be perfectly good and responsible.

*Second.* To receive and take good care of all machines sent to him as such agent; to have them properly stored; to pay all freight and charges thereon; to do any and all business connected with the same, and putting them in successful operation. And should any machines remain unsold at the end of the season, to hold the same subject to the order of Gundlach & Esler, and deliver the same in as good order as when received, when required, to them or their authorized agent, free from any and all charges whatsoever, except for money advanced for freight.

*Third.* To attend to selling said machines and collecting and remitting all moneys to Gundlach & Esler promptly and at the time of each sale.

*Fourth.* To attend to collecting of, or to the obtaining of further security on or to the renewal of such notes as are not paid promptly at maturity. For performing the services herein enumerated the said Gundlach & Esler agree to pay the said Fischer ten dollars on each reaper sold, two dollars on each rake, and eight dollars for each drill, all sold and settled for as above, the same to be payable at the time and in the same proportion as the payments are made on the machines sold; the foregoing sum to include the compensation for receiving, storing, delivering, selling, collecting, remitting and putting the machines in practical operation.

In testimony whereof the parties hereunto set their hands and seals this 3d day of May, 1867.

GUNDLACH & ESLER. [L. S.]

GEORGE FISCHER. [L. S.]

*Know all men by these presents,* That we, the undersigned, and George Fischer, are held and firmly bound unto Gundlach & Esler, of Belleville, county of St. Clair, State of Illinois, in the full and just sum of fifteen hundred dollars ($1500) in lawful money of the United States, for which payment, well and truly to be made, we bind ourselves, and each and every of our heirs, executors and administrators, jointly and severally, by these presents. Sealed with our hands and seals this

third day of May, A. D. eighteen hundred and sixty-seven, (1867).

The conditions of this obligation are such, that if the above said George Fischer, who has taken the agency for the sale of the above named machines of the said Gundlach & Esler, for and within the said vicinity, and that he will justly and fairly account for, and properly discharge his duties thereof, and will pay over all moneys and notes for such machines that may come to his hands as such agent for Gundlach & Esler, then this obligation to be void; else to remain in full force and virtue.

Signed: GEORGE FISCHER. [L. S.]
A. W. JOHNSON. [L. S.]
T. S. POPE. [L. S.]
GEORGE TRIBLE. [L. S.]
PH. METER. [L. S.]
MARTIN FISCHER. [L. S.]
N. MUHLHAUSER. [L. S.]

Signed in the presence of ALFRED GUYOT. [L. S.]

Mr. WILLIAM WINKELMAN, for the appellants.

Mr. G. VAN HOOREBEKE, for the appellees.

Per CURIAM : A fair and reasonable construction of the agreement makes Fischer the agent of Gundlach & Esler, for the sale of machines, until the first of October, 1867. And the appellees, by their obligation, undertook for the faithful discharge of all of Fischer's duties as such agent, and that he should account for and pay all moneys, notes, etc., to Gundlach & Esler, for property and for machinery received prior to that date. It appears, from the evidence, that he received machinery prior to the first day of October, 1867, amounting to $2023.92. For his faithful account of that sum his sureties are liable, but they are not for machines or property received after that date. The agreement only contemplated, that he should act as agent up to that time, and, hence, the

sureties only bound themselves that he should account for machinery received before that date.

The evidence, however, fails to show that Fischer has accounted for all the money and notes received on the sale of the machinery received before the first of October, 1867. Even by Fischer's evidence, it appears that there is some amount still due Gundlach & Esler, for machinery received within the period for which the sureties were bound, and for whatever sum that may be so due they are liable, and the jury should have found that amount, by their verdict. Fischer does not pretend that he had paid the full amount received for the sale of machinery so furnished him, and appellants' witnesses make the amount over two hundred dollars, after deducting the note sent him for collection after the first of October, and all payments. But allowing him a credit of all he claims, still he would owe them, for which his sureties would be liable, at least $87 and interest. The evidence, as given in this transcript, shows at least that amount. We are clearly of opinion, that the jury misunderstood the evidence and erred in the finding of the verdict, and the court below should have granted a new trial. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*